UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **BOYCOM CABLE VISION, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:04CV 38 LMB |
| ) | |
| **JOHNNY HOWE,** ) | |
| **PREMIER INSURANCE AGENCY, INC.,** ) | |
| **RUSSELL FRENCH and BROOKE** ) | |
| **INSURANCE,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action arises from the Third-Party Complaint of Boycom Cable Vision, Inc. ("Boycom") against Johnny Howe, Premier Insurance Agency, Inc., Russell French, and Brooke Insurance, alleging negligent and fraudulent misrepresentation with regard to an insurance policy issued to Boycom. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by the consent of the parties under 28 U.S.C. § 636 (c).

Currently pending is the Motion for Summary Judgment of Third-Party Defendants Russell French and Brooke Insurance (Document Number 10), along with a Memorandum of Law in Support (Doc. No. 11), and Statement of Uncontroverted Material Facts (Doc. No. 12). Relative to this motion, Plaintiff Boycom has filed a Response (Doc. No. 25), Memorandum of Law in Opposition (Doc. No. 26), Reply to Defendant's Statement of Uncontroverted Material Facts and Plaintiff's Statement of Additional Material Facts (Doc. No. 27), and Suggestions Why Summary Judgment Should Not be Granted (Doc. No. 28).

## Background

On November 22, 2002, American States Insurance Company ("American States") filed a declaratory judgment action against Boycom, seeking a declaration from this court that American States was not liable under a commercial property insurance policy it issued to Boycom for damages sustained as a result of a tornado. Boycom is a cable service provider that provides cable services to residents of Butler County, Missouri. Boycom's cable transmission lines were damaged as a result of an F4 tornado that occurred on April 24, 2002.

Boycom asserted a third-party claim against Johnny Howe, Seann Howe, Premier Insurance Agency, Inc., Russell French, and Brooke Insurance, alleging that the third-party defendants made fraudulent and negligent misrepresentations to Boycom concerning the coverage of the insurance policy. Specifically, Boycom alleges that Third-Party Defendant Johnny Howe orally stated to Boycom that the policy would cover loss or destruction of any kind to Boycom's off-premises business property and equipment sustained as the result of a tornado. Boycom also alleges negligent and fraudulent misrepresentation claims against Third-Party Defendants Russell French and Brooke Insurance based upon the coverage of the insurance policy. Third Party Defendant Johnny Howe filed suggestions of bankruptcy, and this court severed the third-party action from the declaratory judgment action and stayed the third-party action until bankruptcy proceedings were final.

American States filed a Motion for Summary Judgment, which this court granted on September 3, 2004, finding that transmission and distribution coverage did not exist under the insurance policy. See American States Insurance Co. v. Boycom Cablevision, Inc., 336 F. Supp.2d 950 (E.D. Mo. 2004). The undersigned further found that Johnny Howe was Boycom's agent, that Boycom held the insurance policy for an unreasonable time without objection, and that Boycom was, therefore, bound by its terms.

On March 16, 2005, Third-Party Defendants Russell French and Brooke Insurance filed the instant Motion for Summary Judgment. (Doc. No. 10). On April 1, 2005, Boycom filed its Second Amended Complaint. (Doc. No. 14). Boycom filed a Motion for Leave to Amend its Complaint on April 14, 2005. (Doc. No. 18). In addition, Defendant Johnny Howe filed a Motion to Dismiss Plaintiff's Complaint Against Johnny Howe on April 12, 2005, in which he informed the court that the Middle District of Florida had entered an order discharging debtor Johnny Howe on June 10, 2004. (Doc. No. 16). On July 1, 2005, the undersigned dismissed Plaintiff's Complaint against Defendant Johnny Howe due to his discharge in bankruptcy. (Doc. No. 23, 24). In the same order, the undersigned granted Boycom's motion for leave to amend its complaint, and directed that Boycom show cause within twenty days from the date of the Order why summary judgment should not be granted in favor of Defendants Russell French and Brooke Insurance.

In its Second Amended Complaint, Boycom again alleges fraudulent and negligent misrepresentation claims against all third-party defendants. In addition, Boycom asserts vicarious liability claims against Defendants Russell French and Brooke Insurance based upon the alleged fraudulent and negligent misrepresentation of Defendants Johnny Howe and Premier Insurance Agency, Inc. Boycom also asserts breach of fiduciary duty and negligence claims. Boycom filed its various responsive pleadings to defendants' motion for summary judgment on July 21, 2005. Defendants Russell French and Brooke Insurance filed an Answer to plaintiff's Second Amended Complaint on July 26, 2005. (Doc. No. 29).

**Discussion**

**A.     Summary Judgment Standard**

A court may grant summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil

Procedure 56 (c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252, 106 S. Ct. at 2512. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the non-movant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S. Ct. at 2510-2511. The non-movant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Supreme Court has found that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Id. at 327, 106 S. Ct. at 2555 (quoting Fed. R. Civ. P. 1).

**B.      Defendants' Motion For Summary Judgment**

Defendants argue that judgment should be entered in their favor because Boycom accepted the insurance policy as written, and because defendants made no fraudulent or negligent misrepresentation to Boycom with respect to transmission and distribution coverage. It should be noted that defendants filed their motion for summary judgment prior to the filing of Boycom's

4

Second Amended Complaint. As such, defendants' motion for summary judgment only addresses the fraudulent and negligent misrepresentation claims asserted against Defendants Russell French and Brooke Insurance (Counts V and VI of Second Amended Complaint), and does not address the vicarious liability claims (Counts I and II), the breach of fiduciary duty claims (Count III), or the negligence claims (Count IV).

In Count V of its Second Amended Complaint, Boycom alleges that Defendants Russell French and Brooke Insurance represented to Boycom that the commercial property insurance policy of American States would cover loss or destruction of any kind to Boycom's off-premises business property and equipment sustained as the result of a tornado. Boycom claims that Defendants Russell French and Brooke Insurance made these statements with knowledge of their falsity or in total disregard to their veracity, and with the intention to cause Boycom to rely upon their false representations so that defendants could continue to serve Boycom's insurance needs. Boycom further alleges that, as a result of defendants' false representations, Boycom suffered extensive losses due to an F4 tornado, including damage to approximately 25,000 feet of aerial and underground cable.

Boycom alleges in Count VI of its Second Amended Complaint that Defendants Russell French and Brooke Insurance falsely represented to Boycom that the American States insurance policy would cover loss or destruction of any kind to Boycom's off-premises business property and equipment sustained as the result of a tornado. Boycom states that in making such representations, Defendants Russell French and Brooke Insurance failed to exercise a reasonable degree of care that said insurance coverage was in fact available and in effect. Boycom further alleges that it relied upon these false representations that said insurance coverage was in effect and as a direct and proximate result it suffered extensive damage to its aerial and underground

5

cable when a tornado occurred.

In their Answer to Boycom's Second Amended Complaint, Defendants Russell French and Brooke Insurance deny all of the allegations contained in Count V and Count VI. In their Memorandum of Law in Support of their Motion for Summary Judgment, Defendants Russell French and Brooke Insurance claim that Boycom cannot prevail in its fraudulent or negligent misrepresentation claims because Russell French and Brooke Insurance made no misrepresentations to Boycom. Defendants state that Patricia Joe Boyers, Vice-President and Corporate Secretary of Boycom, admitted in her deposition that she had no contact with defendants while procuring Boycom's insurance policy. See Def's Ex B, Boyers Deposition, at 34/12-19; 35/1-4; 36/6-24. Defendants argue that Boycom is unable to prove the first element of a cause of action for either fraudulent or negligent misrepresentation due to Boyers' admission that she did not communicate with Russell French about transmission and distribution coverage until after the date of loss. Defendants contend that it was Johnny Howe who communicated with Boycom regarding the relevant coverage.

In its Memorandum of Law in Opposition to Defendants Russell French and Brooke Insurance's Motion for Summary Judgment, Boycom admits that Defendant Russell French made no affirmative representation concerning the adequacy or inadequacy of Boycom's insurance coverage under its policy with American States. (Doc. No. 26 at 5). Boycom, however, contends that under Missouri law, fraudulent or negligent misrepresentation claims may be based upon a defendant's omission when he has a duty to disclose. Boycom alleges that defendants assumed a duty to disclose the adequacy of Boycom's insurance coverage as well as the availability of optional coverage that would be advantageous to Boycom. Boycom claims that Defendant Russell French likely knew or should have known that Boycom did not have cable

6

transmission line coverage and that his act of remaining silent as to this fact constitutes an omission sufficient for an actionable fraudulent or negligent misrepresentation claim. Boycom states that a material disputed fact is thus whether Defendant Russell French knew or should have known that Boycom did not have the relevant coverage.

Boycom also contends that defendants' reliance upon the acceptance doctrine is misplaced in that Boycom's fraudulent and negligent misrepresentation claims are separate and independent from any contractual claim upon the insurance policy. The undersigned agrees with this characterization and will analyze Boycom's fraudulent and negligent misrepresentation claims separately from any contractual claim upon the insurance policy.

The elements of a fraudulent misrepresentation claim are: (1) a false, material misrepresentation; (2) the speaker's knowledge of its falsity or ignorance of its truth; (3) the speaker's intent that it be acted on by the hearer and in the manner reasonably contemplated; (4) the hearer's ignorance of its falsity; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximate injury. See Joel Bianco Kawasaki Plus v. Meramec Valley Valley Bank, 81 S.W.3d 528, 536 (Mo. 2002); Clearly Canadian Beverage Corp. v. American Winery, Inc., 257 F.3d 880, 891 (8th Cir. 2001); State ex rel PaineWebber, Inc. v. Voorhees, 891 S.W.2d 126, 128 (Mo. 1995).

To maintain a cause of action for negligent misrepresentation, one must show: (1) the speaker supplied information in the course of his or her business or because of some other pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a

result of the listener's reliance on the statement, the listener suffered a pecuniary loss. See Clearly Canadian Beverage Co., 257 F.3d at 893; Reeves v. Keesler, 921 S.W.2d 16, 20 n. 1 (Mo. App. 1996).

An affirmative representation is not always required for actionable fraud to exist. See Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1064 (8th Cir. 2005); Murray v. Crank, 945 S.W.2d 28, 31 (Mo. App. 1997). Silence can equal misrepresentation if the silent party has a duty to speak. See id. The duty to speak or disclose facts arises either from a trustful confidential relationship or where one party has superior information not reasonably available to the other party. See id.

The undersigned finds that defendants are entitled to summary judgment on Count V and Count VI because no duty exists under Missouri law that would require an insurance agent to advise customers as to their particular insurance needs. Under certain circumstances, an insurance agent may be held to owe certain duties to one seeking to purchase insurance. Farmers Ins. Co. v. McCarthy, 871 S.W.2d 82, 84 (Mo. App. 1994). For example, "when an insurance agent undertakes to procure insurance for a party, with a view to earning a commission, he becomes the party's agent and owes a duty to the party to act with reasonable care, skill and diligence." Barnes v. Metropolitan Life Ins Co., 612 S.W.2d 786, 787 (Mo. App. 1981) (quoting Pittman v. Great Am. Life Ins. Co., 512 S.W.2d 857, 861 (Mo. App. 1974). If an agent is unable to effectuate the insurance he has a duty to timely notify his client that the insurance requested was not obtained. Barnes, 612 S.W.2d at 787; McCarthy, 871 S.W.2d at 84. Missouri does not, however, recognize a duty on the part of an insurance agent to advise customers as to their particular insurance needs or as to the availability of optional coverage. See Blevins v. State Farm Fire & Cas. Co., 961 S.W.2d 946, 951 (Mo. App. 1998); McCarthy, 871 S.W.2d at 86.

Here, Boycom does not claim that defendants breached their duty to Bocyom to properly procure the insurance that it requested. Rather, Boycom claims that defendants breached their duty to advise Bocyom of its lack of transmission and distribution coverage. Boycom concedes that there is generally no duty imposed on an insurance agent to advise customers as to their insurance needs. (Doc. No. 26 at 6). Boycom, however, cites the general tort law principle that a defendant can assume a duty where no duty originally existed at law. Boycom alleges that Defendant Russell French assumed a duty to disclose the adequacy of Boycom's insurance coverage as well as the availability of optional coverage because he stated in his deposition that he periodically reviewed Boycom's insurance policy.

In his deposition, Russell French stated that he reviewed the insurance coverages of his clients, including Boycom, only at the time of renewal. See Def's Ex. C at 14. Russell French explained that he reviewed the policy of Boycom with Patty Boyers at renewal and indicated to Boyers that the coverage provided in the policy was available upon renewal. See id. at 15. Russell French further stated that the only discussion he had regarding coverage for Boycom's cable transmission lines occurred after Boycom submitted its claim for tornado damage in April 2002. See id. Russell French's deposition testimony demonstrates that he reviewed Boycom's coverage for the purpose of renewing the same policy. As such, Russell French had a duty only to notify Boycom if he failed to successfully renew its policy. Boycom is not alleging that Russell French failed to renew the policy that it requested.

The court has found that Defendants Russell French and Brooke Insurance did not have a duty under Missouri law to advise Boycom as to its need for transmission and distribution coverage. As such, Boycom is unable to establish the first element of its fraudulent and negligent misrepresentation claims. Accordingly, it is the judgment of this court that because no

misrepresentation was made, defendants' motion for summary judgment will be granted as to Count V and Count VI of Boycom's Second Amended Complaint.

In order to maintain an action for negligence, Boycom must establish: (1) that Defendant Russell French had a duty to it; (2) that Mr. French failed to perform that duty; and (3) that Mr. French's breach was the proximate cause of its injury. See Blevins, 961 S.W.2d at 950. Because Russell French had no duty under Missouri law to advise Boycom of its need for transmission and distribution coverage, Boycom is also unable to establish the first element of its negligence claim against Defendants Russell French and Brooke Insurance. Thus, defendants' motion for summary judgment will be granted as to Count IV of Boycom's Second Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment of Third-Party Defendants Russell French and Brooke Insurance (Doc. No. 10) be **granted** as to Count IV, Count V, and Count VI of Plaintiff Boycom's Second Amended Complaint and **denied** as to Count I, Count II, and Count III of Boycom's Second Amended Complaint. A separate order of Partial Summary Judgment will be entered on this date.

Dated this \_\_\_\_13th\_\_ day of October, 2005.

                                                                         LEWIS M. BLANTON
                                                                         UNITED STATES MAGISTRATE JUDGE