UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BOYCOM CABLE VISION, INC., )<br>)<br>  Plaintiff, )<br>)<br> vs. )<br>)<br>JOHNNY HOWE, )<br>PREMIER INSURANCE AGENCY, INC., )<br>RUSSELL FRENCH and BROOKE )<br>INSURANCE, )<br>)<br>  Defendants. ) | Case No. 1:04CV 38 LMB |

## MEMORANDUM AND ORDER

This action arises from the Third-Party Complaint of Boycom Cable Vision, Inc. ("Boycom") against Johnny Howe, Premier Insurance Agency, Inc., Russell French, and Brooke Insurance, alleging negligent and fraudulent misrepresentation with regard to an insurance policy issued to Boycom. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by the consent of the parties under 28 U.S.C. § 636 (c).

Currently pending is the Motion for Summary Judgment of Defendants Russell French and Brooke Insurance Directed to Counts I, II, and III of Plaintiff's Second Amended Complaint (Document Number 35), along with a Memorandum of Law in Support (Doc. No. 37), and Statement of Uncontroverted Facts (Doc. No. 36). Relative to this motion, plaintiff has filed a Response (Doc. No. 40), and defendants have filed a Reply (Doc. No. 44).

**Background**

On November 22, 2002, American States Insurance Company ("American States") filed a declaratory judgment action against Boycom, seeking a declaration from this court that American States was not liable under a commercial property insurance policy it issued to Boycom for damages sustained as a result of a tornado. Boycom is a cable service provider that provides cable services to residents of Butler County, Missouri. Boycom's cable transmission lines were damaged as a result of an F4 tornado that occurred on April 24, 2002. American States filed a Motion for Summary Judgment, which this court granted on September 3, 2004, finding that the relevant coverage did not exist under the insurance policy. See American States Insurance Co. v. Boycom Cablevision, Inc., 336 F. Supp.2d 950 (E.D. Mo. 2004).

Boycom asserted a third-party claim against Johnny Howe, Seann Howe, Premier Insurance Agency, Inc., Russell French, and Brooke Insurance, alleging that the third-party defendants made fraudulent and negligent misrepresentations to Boycom concerning the coverage of the insurance policy. On July 1, 2005, the undersigned dismissed Plaintiff's Complaint against Defendant Johnny Howe due to his discharge in bankruptcy. (Docs. No. 23, 24).

On October 13, 2005, the undersigned granted Defendants Russell French and Brooke Insurance's Motion for Summary Judgment as to Count IV, Count V, and Count VI of Plaintiff Boycom's Second Amended Complaint. The court held that, because Defendants Russell French and Brooke Insurance did not have a duty under Missouri law to advise Boycom as to its need for transmission and distribution coverage, Boycom was unable to establish an essential element of its negligence, fraudulent misrepresentation, and negligent misrepresentation claims. Defendants' Motion for Summary Judgment did not address Boycom's successor liability claims (Counts I, II, and III), which were added in Boycom's Second Amended Complaint after the filing of

defendants' Motion for Summary Judgment.

On October 18, 2005, Defendants Russell French and Brooke Insurance filed a Motion for Leave to File a Dispositive Motion as to Counts I, II, and III of Plaintiff's Second Amended Complaint, which the court granted on the same day. (Docs. No. 33, 34). On November 1, 2005, defendants filed the instant Motion for Summary Judgment Directed to Counts I, II, and III of Plaintiff's Second Amended Complaint. (Doc. No. 35).

**Facts[1]**

Boycom is a conventional provider of cable television service to the unincorporated areas of Butler County. Beginning in 1992, Boycom needed insurance coverage for several items, including its buildings, contents, towers, head-end equipment, general liability, inland marine, automobiles, and coverage for the cables, amplifiers, line extenders, and power supplies hanging on the poles. Patricia Jo Boyers, at all relevant times, was the Vice-President, Corporate Secretary, Chief Financial Officer, and fifty percent owner of Boycom. When Boyers first obtained coverage for Boycom she dealt exclusively with Johnny Howe and Premier Insurance Company.[2] Boyers and her husband are experienced business owners who own and operate at least three corporations, twenty-seven pieces of rental property, two mobile home parks, and two mobile home dealerships.

When Ms. Boyers needed insurance for property, among other things, she went to Johnny

---

[1] The court's recitation of the facts is taken from defendants' Statement of Uncontroverted Material Facts and plaintiff's Reply to defendants' Statement of Uncontroverted Material Facts. The court has noted any disputes as they are set forth in the briefs.

[2] Plaintiff acknowledges that the initial policy was purchased through Johnny Howe and Premier Insurance, but states that some renewals were obtained through Russell French using both Premier Insurance and Brooke Insurance. See Doc. No. 41 at ¶ 6.

3

Howe.[3] Ms. Boyers maintained a business relationship with Mr. Howe for approximately twenty years. Ms. Boyers requested coverage for the cables when the policy began in 1993. At the time Ms. Boyers requested the coverage for the cables, she did not know what the coverage was called, but she contacted Mr. Howe and requested a certificate of insurance covering "the stuff hanging on the poles." Def's Ex. B, Boyers Deposition at 21-22. On January 11, 1994, Premier Insurance Agency issued a memorandum to Patricia Boyers signed by Leslie Crum that stated "as per your conversation with Johnny, the endorsement adding the transmission and distribution coverage to your American States policy will be forthcoming." Def's Ex. D. Ms. Boyers did not remember receiving this memorandum from Premier Insurance. Ms. Boyers never saw any documents indicating that she had obtained the coverage.[4] Russell French made no representations to Ms. Boyers with respect to transmission and distribution coverage when Ms. Boyers was trying to obtain insurance in 1993.[5] Russell French made no representations to Ms. Boyers regarding the transmission and distribution coverage at any time prior to the loss. Ms. Boyers never asked Russell French to obtain transmission and distribution insurance for Boycom, even after the loss occurred. Boycom has continued to use Russell French as its insurance agent. At the time of Ms. Boyers' deposition on January 12, 2004, Boycom still did not have an insurance policy to cover the loss of its aerial and underground cable.

---

[3]Plaintiff acknowledges this fact, yet states that she also dealt with other agents working for Premier Insurance Agency, including Defendant Russell French. See Doc. No. 41 at ¶ 8.

[4]Plaintiff objects to this fact as misleading because Ms. Boyers testified at her deposition that she did not have a recollection of receiving any documents indicating that she had obtained the coverage, not that she "never saw any documents." Doc. No. 41 at ¶ 15.

[5]Plaintiff acknowledges that Defendant Russell French testified that he made no affirmative representations regarding the coverage in 1993, but states that Ms. Boyers testified that she does not remember whether any affirmative representations were made by Defendant Russell French. See Doc. No. 41 at ¶ 16.

Brooke Insurance is a franchisor of insurance agencies based in Overland Park, Kansas. Premier Insurance Agency had offices in Poplar Bluff, Missouri, and Greenville, Missouri. Russell French was a producer in the Premier Insurance Agency office for ten years prior to the sale of its assets, including its book of business, to Brooke Corporation. During this time, Russell French had his own book of business and did not perform any work with respect to the account with Boycom.[6]

Brooke Corporation purchased the book of business and assets of Premier Insurance Agency, Inc.'s Poplar Bluff office on July 9, 1999, and resold it as a franchise to Midwest Trust, Inc. in August of 1999. Russell French is the sole officer, owner, director, and shareholder of Midwest Trust, Inc., which is doing business as Brooke Insurance and Financial Services ("Brooke Insurance"). The only officers, owners, directors, or shareholders of Premier Insurance Agency were Johnny Howe and his son Seann Howe. There are no common officers, owners, or directors as between Premier Insurance Agency and Brooke Insurance. There was a change in the identity of the major shareholder in that Russell French is the sole shareholder of Brooke Insurance, but he was not a shareholder of Premier Insurance Agency.[7] Russell French was the sole incorporator for Brooke Insurance; Premier Insurance Agency had a different incorporator than Brooke Insurance.

Premier Insurance Agency and Brooke Insurance were both insurance agencies, but Premier Insurance Agency held contracts directly with insurance carriers allowing them to write

---

[6]Plaintiff disputes this fact by stating that Russell French had numerous dealings with plaintiff's insurance account while he served as an agent to Premier Insurance Company. See Doc. No. 41 at ¶ 25.

[7]Plaintiff states that Russell French was an employee of Premier Insurance Agency, Inc., and is a shareholder of Midwest Trust, Inc., d/b/a Brooke Insurance.

business with those companies, whereas Brooke Insurance's contracts are held by another entity. When Brooke Insurance began doing business in August of 1999, it dropped some of the insurance carriers for which Premier had been writing business and picked up new carriers, including Farmer's Alliance Insurance Company.[8] Brooke Insurance purchased the assets of Premier Insurance Agency's Poplar Bluff, Missouri location only; it did not acquire the Greenville, Missouri location. In addition, soon after the purchase of the franchise in August of 1999, Brooke Insurance purchased another agency, Newton Insurance Agency, which was not a part of Premier Insurance Agency's business. Brooke Insurance did not purchase and did not own the real estate and the improvements upon the real estate previously owned by Premier Insurance Agency and acquired by Brooke Corporation. Russell French personally bought the building and sold it to Jerry Murphy, who leased it to Russell French, in April of 2005.[9] Brooke Insurance acquired the Poplar Bluff office of Premier Insurance Agency, including the fixtures and personal property. However, the new name of "Brooke Insurance and Financial Services," and not the name of "Premier Insurance Agency," was used for the newly formed business. Brooke Insurance maintained only three of the six employees formerly employed with Premier Insurance Agency.[10] Brooke Insurance operates out of the same building and uses the same telephone number as Premier Insurance Agency.

---

[8]Plaintiff objects to this fact by stating that defendants continued to renew the policies of plaintiff with the same insurance carriers. See Doc. No. 41 at ¶ 31(b).

[9]Plaintiff objects to this fact as irrelevant, in that defendants still operate their insurance agency out of the same building. See Doc. No. 41 at ¶ 31(d).

[10]Plaintiff objects to this fact by stating that Russell French was also an employee of Premier Insurance Agency, and that four out of seven individuals working for Premier Insurance Agency are thus still employed with Brooke Insurance. See Doc. No. 41 at ¶ 33.

**Discussion**

A. **Summary Judgment Standard**

A court may grant summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56 (c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252, 106 S.Ct. at 2512. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the non-movant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S.Ct. at 2510-2511. The non-movant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Supreme Court has found that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Id. at 327, 106 S.Ct. at 2555 (quoting Fed. R. Civ. P. 1).

**B.     Defendants' Motion For Summary Judgment**

Defendants state that Counts I, II, and III of Boycom's Second Amended Complaint are based solely on allegations of successor liability of Russell French and Brooke Insurance for the actions of Johnny Howe and Premier Insurance Agency in failing to obtain insurance coverage for Boycom's cable transmission lines. Defendants argue that under the doctrine of successor liability, the acquiring party is not held responsible for the liabilities of the transferor when the assets of a corporation are sold. Defendants contend that the "mere continuation" exception to this rule does not apply in this case because defendants did not merely continue the business of Johnny Howe and Premier Insurance Agency. Defendants thus request that the court enter judgment in defendants' favor on the remaining counts of plaintiff's Second Amended Complaint.

In its Memorandum of Law in Opposition to Defendants Russell French and Brooke Insurance's Motion for Summary Judgment, Boycom argues that Defendants Russell French and Brooke Insurance are liable for the wrongful conduct of their predecessors, Johnny Howe and Premier Insurance Agency, Inc., because under Missouri law a successor corporations is liable for its predecessor when it is a mere continuation of the predecessor. Boycom contends that it has made a sufficient evidentiary showing to invoke Missouri's corporate continuation doctrine.

"The general rule in Missouri is that when all of the assets of a corporation are sold or transferred the transferee is not liable for the transferor's debts and liabilities." Chemical Design, Inc. v. Am. Standard, Inc., 847 S.W.2d 488, 491 (Mo. Ct. App. 1993). See Medicine Shoppe Intern, Inc. V. S.B.S. Pill Dr., Inc., 336 F.3d 801, 803 (8th Cir. 2003). A successor corporation may be liable, however: (1) where the purchaser expressly or impliedly agrees to assume the debts or liabilities of the transferor; (2) where the transaction amounts to a merger or consolidation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where

8

the transaction is entered into fraudulently for the purpose of escaping liability for the debts and liabilities of the transferor. ARE Sikeston, Ltd. v. Weslock Nat., Inc., 120 F.3d 820, 828 (8th Cir. 1997) (citing Chemical Design, Inc., 847 S.W.2d at 491).

In determining whether the successor corporation "is merely a continuation" of the predecessor corporation, courts consider the following factors, none of which is determinative: (1) whether there is common identity of officers, directors, and stockholders; (2) whether the incorporators of the successor also incorporated the predecessor; (3) whether the business operations are identical; (4) whether the transferee uses the same trucks, equipment, labor force, supervisors, and name of the transferor, and (5) whether notice has been given of the transfer to employees or customers. See Medicine Shoppe International, Inc., 336 F.3d at 804; Roper Elec. Co. v. Quality Castings, Inc., 60 S.W.3d 708, 711-13 (Mo. Ct. App. 2001).

An application of the relevant factors to the facts of this case reveals that defendants did not merely continue the business of Johnny Howe and Premier Insurance Agency.

### 1. Common Identity of Officers, Directors, and Stockholders

Plaintiff admits that Johnny Howe and his son Seann Howe were the sole officers and stockholders of Premier Insurance Agency and that neither are officers, directors, or stockholders of Brooke Insurance. Plaintiff, however, points out that Defendant Russell French was an employee of Premier Insurance Agency, and is the sole officer, director, and stockholder of Midwest Trust. Plaintiff states that in Roper, the court considered the fact that the shareholders of the predecessor corporation became employees of the successor corporation as favorable to invoking the corporate continuation doctrine. Defendants argue that Roper is distinguishable and does not support plaintiff's position that Russell French's employment with Premier Insurance Agency is significant.

9

In Roper, the successor corporation retained three shareholders and key employees of the predecessor corporation as employees. See Roper Elec. Co., 60 S.W.3d at 713. The Missouri Court of Appeals for the Southern District held that the lack of identity of officers, directors, and shareholders between the predecessor and successor corporations was not fatal to the plaintiff's effort to collect a debt from the successor corporation under a corporate continuation theory. See id. at 712. The Court found that sufficient evidence supported the trial court's judgment imposing liability on the successor corporation. See id. at 713. The Court relied on the following evidence in reaching its conclusion: all of the assets of the predecessor were transferred; the successor retained all of the predecessor's employees without notifying them of any change in ownership; the plaintiff was not notified of the change in ownership; the successor continued the exact same business using the same equipment and had the same customers as the predecessor; the customers were not notified of the change; the successor used the same trade name; the successor retained the key employees in management positions; the successor took over the works in progress of the successor and collected the accounts receivable; the successor operated in the same location and had the same phone number; the successor gave stock ownership to two of the retained key employees within fifteen months of the transfer; and the successor intended the transfer to be temporary and planned to sell the corporation back to two shareholders of the predecessor after a certain amount of time. See id.

In the instant case, although Russell French was an employee of Premier Insurance Agency, this fact does not detract from the fact that there is no common identity of officers, directors, and stockholders. Roper does not support plaintiff's position that employment with a predecessor corporation affects the court's resolution of this factor. Rather, the Court in Roper merely held that the lack of identity of officers, directors, and shareholders between the

10

predecessor and successor corporations was not fatal to the plaintiff's claim. Although the Court in Roper imposed liability under a corporate continuation theory, the facts of <u>Roper</u> are distinguishable in that there was significant evidence presented in that case showing that the successor corporation was merely a continuation of the predecessor corporation.

### 2. Incorporators

It is undisputed that the incorporators of Brooke Insurance did not incorporate Premier Insurance Agency. As such, this factor weighs in favor of defendants.

### 3. Identical Business Operations

Defendants contend that Premier Insurance Agency and Brooke Insurance were both insurance agencies but were different in the following respects: (1) Premier Insurance Agency held contracts directly with insurance carriers, allowing them to write business with those companies, whereas Brooke Insurance's contracts are held by a different entity; (2) When Brooke Insurance began doing business in August of 1999, it dropped some of the insurance carriers for which it had been writing business and added new carriers including Farmer's Alliance Insurance Company; (3) Brooke Insurance purchased the assets of Premier Insurance Agency's Poplar Bluff location only, and did not acquire the Greenville location; (4) Brooke Insurance purchased another agency, Newton Insurance Agency, which was not a part of Premier Insurance Agency's business, on October 15, 1999; (5) Brooke Insurance did not purchase and did not own the real estate previously owned by Premier Insurance Agency; rather, Russell French purchased the building and sold it to an individual who leases the building to Russell French personally; and (6) Not all of the assets of Premier Insurance Agency were purchased by Brooke Insurance.

Plaintiff argues that the business operations of Premier Insurance Agency and Brooke

Insurance are "substantially identical." Plaintiff contends that both entities were in the business of selling insurance, and that defendants continued to sell insurance to the same customers, including plaintiff. Plaintiff states that defendants renewed pre-exiting polices it issued through Premier Insurance Agency and that on at least one such policy Russell French acknowledged that he renewed the policy under the name of Premier Insurance Agency. Plaintiff claims that defendants maintained the same business office and the same phone number used by Johnny Howe and Premier Insurance Agency. Finally, plaintiff argues that neither Johnny Howe, Premier Insurance Agency, nor defendants notified plaintiff of the change in ownership of the company.

The undersigned finds that the business operations of Premier Insurance Agency and Brooke Insurance, although similar, are not identical. Both companies were in the business of selling insurance and had clients and insurance providers in common. Brooke Insurance operated out of the same office and used the same phone number as Premier Insurance Agency. The operations of Brooke Insurance, however, were sufficiently distinct from Premier Insurance. Brooke Insurance held contracts differently than Premier Insurance Agency, wrote contracts for different insurance carriers, acquired another insurance agency, and did not acquire the Greenville location of Premier Insurance Agency. In addition, Brooke Insurance did not purchase all of the assets of Premier Insurance Agency. Specifically, the sale did not include Premier Insurance Agency's office supplies, office equipment, or automobiles. The fact that the buying corporation did not acquire all of the assets of the selling corporation has been held to be a factor weighing against a finding of corporate continuation. See Young v. Fulton Iron Works Co., 709 S.W.2d 927, 940-41 (Mo. Ct. App. 1986). Thus, the undisputed facts reveal that the business operations of Premier Insurance Agency and Brooke Insurance are not identical.

### 4. Use of the Same Labor Force and Name

Defendants argue that Brooke Insurance did not use the same name as Premier Insurance Agency and maintained only three of the six employees of Premier Insurance Agency. Plaintiff claims that defendants utilized a "substantial majority" of its predecessor's labor force. Plaintiff states that because Russell French was a regular employee of Premier Insurance Agency, Brooke Insurance retained four out of seven of Premier Insurance Agency's employees. Defendants contend that, even if Russell French is counted, this amounts to only 57 percent of the employees of Premier Insurance Agency, which is not a substantial majority.

The undersigned finds that this factor weighs in favor of defendants. Brooke Insurance did not use the same name as Premier Insurance Agency. Although Brooke Insurance retained slightly over half of the employees of Premier Insurance Agency, Brooke Insurance's employees cannot be described as the same labor force or even a substantial majority of the employees of Premier Insurance Agency.

### 5. Notice

Plaintiff argues that defendants failed to provide notice to their existing customers of the change in ownership of the insurance agency. Defendants contend that plaintiff's argument is refuted by the deposition testimony of Ms. Boyers, which indicates that Boycom had actual notice of the change in ownership. Ms. Boyers testified that Mr. Howe was her agent until Russell French "bought the agency" and became her agent. Def's Ex. B, Deposition of Patricia Jo Boyers, at 35. Plaintiff does not dispute that it had knowledge of the change in ownership but contends that plaintiff's actual knowledge is irrelevant. The court finds that plaintiff was notified of the change in ownership of the insurance agency. Thus, this factor also weighs in defendants' favor.

In sum, the undisputed facts reveal that Brooke Insurance was not a mere continuation of Premier Insurance Agency. Although Brooke Insurance operated out of the same building and retained some of Premier Insurance Agency's employees, these facts are insufficient to prevail on a corporate continuation theory. As such, defendants may not be held liable for the actions of Johnny Howe and Premier Insurance Agency. Thus, the court will grant defendants' Motion for Summary Judgment as to Counts I, II, and III of Plaintiff's Second Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment of Third-Party Defendants Russell French and Brooke Insurance Directed to Counts I, II, and III of Plaintiff's Second Amended Complaint (Doc. No. 35) be **granted**. A separate order of Summary Judgment will be entered on this date.

Dated this   22nd   day of September, 2006.

                                            /s/ Lewis M. Blanton
                                            LEWIS M. BLANTON
                                            UNITED STATES MAGISTRATE JUDGE